T.C. Summary Opinion 2007-150

UNITED STATES TAX COURT

JOHN JOSEPH STENSGAARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23656-05S.               Filed August 30, 2007.

John Joseph Stensgaard, pro se.

<u>Patricia A. Komor</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code.
Unless otherwise indicated, all section references are to the
Internal Revenue Code in effect for the year at issue, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.  Pursuant to section 7463(b), the decision to be
entered is not reviewable by any other court, and this opinion
shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax of $20,951 for 2003. Respondent conceded at trial that petitioner is entitled to the dependency exemptions claimed by petitioner. Because respondent conceded petitioner's entitlement to deductions for dependency exemptions, he must recompute petitioner's child tax credit and additional child tax credit and submit to the Court a Rule 155 computation. At trial, petitioner made no argument and presented no evidence that he: (a) Is entitled to itemized deductions in excess of those allowed by respondent, or (b) is not subject to self-employment tax. The Court therefore deems those issues to have been conceded by petitioner. See Rule 149(b); Rothstein v. Commissioner, 90 T.C. 488, 497 (1988); Cerone v. Commissioner, 87 T.C. 1, 2 n.1 (1986).

The issues remaining for decision are whether petitioner is entitled to: (1) Deduct business expenses of $48,557, and (2) the earned income credit.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Thornton, Colorado.

During 2003, petitioner was an engineer doing business as S2E Consulting Engineers (S2E). Petitioner, under the name S2E, received income reported on Form 1099-MISC, Miscellaneous Income,

from three sources in 2003. In 2001, petitioner and his former wife reached an agreement that remained in effect during 2003 concerning "parenting time and other parenting issues, and financial issues regarding the children" with regard to their two minor children.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2003 in which he claimed the earned income credit with two qualifying children. With his Federal income tax return for 2003, petitioner filed a Schedule C, Profit or Loss From Business, on which he claimed total business expenses of $48,557. Respondent disallowed the earned income credit and claimed business expenses for lack of substantiation.

Discussion

Generally, the Commissioner's determinations are presumed correct, and taxpayers bear the burden of proving otherwise. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner has not raised the issue of section 7491(a), which shifts the burden of proof to the Commissioner in certain situations. The Court concludes that section 7491 does not apply here because petitioner has not produced any evidence that establishes the preconditions for its application.

Schedule C Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in

carrying on a trade or business. Generally, no deduction is allowed for personal, living, or family expenses. See sec. 262. The taxpayer must show that any claimed business expenses were incurred primarily for business rather than social reasons. See Rule 142(a); Walliser v. Commissioner, 72 T.C. 433, 437 (1979). To show that the expense was not for personal reasons, the taxpayer must show that the expense was incurred primarily to benefit his business, and there must have been a proximate relationship between the claimed expense and the business. See Walliser v. Commissioner, supra.

Where a taxpayer has established that he has incurred a trade or business expense, failure to prove the exact amount of the otherwise deductible item may not always be fatal. Generally, unless precluded by section 274(d), the Court may estimate the amount of such an expense and allow the deduction to that extent. See Finley v. Commissioner, 255 F.2d 128, 133 (10th Cir. 1958), affg. 27 T.C. 413 (1956); Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, however, the Court must have some basis upon which an estimate can be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, an allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Petitioner prepared a computer-generated spreadsheet listing 19 categories of business expenses.  Petitioner provided at trial copies of 18 checks written between January and April 2003, miscellaneous credit card records, bank statements, and receipts as substantiation for Schedule C expenses.  After reviewing petitioner's evidence, respondent conceded that he has substantiated $8,106 of business expenses in 2003:  Advertising expense of $575, commissions and fees of $75, office expense of $2,613, supplies expense of $1,221, taxes and license fees of $325, utilities expense of $2,306, and $991 for legal and professional services.

Petitioner offered no substantiation for his business expense categories denominated as donations, "mortgage", and consulting.  Petitioner offered two monthly receipts for telephone expenses that state that they are for his residential line, a type of personal expense.  Sec. 262(b).

Other categories of expenses listed on petitioner's spread sheet included those of "Vehicle", "Ins.", Travel, "Tr. Meals", Meals, and "Entert."  Petitioner's evidence included billing statements reflecting lease payments to Ford Credit for a truck and payments for automobile insurance to Safeco Insurance Co.  He also produced a receipt for a hotel stay at the Sahara Hotel and Casino in Las Vegas and a computer printout of an Orbitz reservation for a trip to Houston.

Certain business deductions described in section 274 are subject to rules of substantiation that supersede the doctrine in Cohan v. Commissioner, supra.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Section 274(d) provides that no deduction shall be allowed with respect to:  (a) Any traveling expense, including meals and lodging away from home; (b) any item related to an activity of a type considered to be entertainment, amusement, or recreation; or (c) the use of any "listed property", as defined in section 280F(d)(4),[1] unless the taxpayer substantiates certain elements.

For an expense described in one of the above categories, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony:  (1) The amount of the expenditure or use based on the appropriate measure (mileage may be used in the case of automobiles); (2) the time and place of the expenditure or use; (3) the business purpose of the expenditure or use; and in the case of entertainment, (4) the business relationship to the taxpayer of each expenditure or use. See sec. 274(d).

To meet the adequate records requirements of section 274(d), a taxpayer must maintain some form of records and documentary

---

[1]"Listed property" includes any "passenger automobile". Sec. 280F(d)(4)(A)(i).  A passenger automobile includes any truck rated at 6,000 pounds gross vehicle weight or less.  Sec. 280F(d)(5)(A).

evidence that in combination are sufficient to establish each element of an expenditure or use.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra.  A contemporaneous log is not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner's documentation for his categories of items that appear to be for a vehicle, vehicle insurance, and for meals, travel, and entertainment expenses do not meet the standard of substantiation required by section 274(d).

The Court is unable to determine from the documents provided by petitioner that he is entitled to deduct any amount of business expenses in excess of that conceded by respondent. Petitioner is entitled to deduct various Schedule C expenses of $8,106 for 2003.

Earned Income Credit

Petitioner claimed the earned income credit for taxable year 2003 for two "qualifying children".  Respondent determined that petitioner is not entitled to the earned income credit for 2003.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability.

Section 32(a)(2) limits the credit allowed. Section 32(b) prescribes different credit and "phaseout" percentages used to calculate the credit based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

To be eligible to claim an earned income credit with respect to a qualifying child, a taxpayer must establish, inter alia, that the child bears a relationship to the taxpayer prescribed by section 32(c)(3)(B), that the child meets the age requirements of section 32(c)(3)(C), and that the child shares the same principal place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii).

Petitioner may be an "eligible individual" able to claim an earned income credit under section 32(c)(1)(A). The phaseout percentages, however, must first be considered. The "completed phaseout amount" is the amount of adjusted gross income (or if greater, earned income) at or above which no credit is allowed. See Rev. Proc. 2002-70, sec. 3.06, 2002-2 C.B. 845, 847. For 2003, a taxpayer may claim the earned income credit for two qualifying children only if his adjusted gross income was less than $33,692. Id. The phaseout amount is lower for a taxpayer with one qualifying child or with no qualifying children. Id. Petitioner's adjusted gross income, taking into consideration the

determinations by respondent that the Court sustains, was in excess of each of the phaseout amounts for 2003.

Accordingly, petitioner is not eligible for an earned income credit.  Respondent's determination on this issue is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>